JAMES A. WHITCOMB v. R. RUSSELL BRANT ET AL.

Submitted March 20, 1908—Decided June 8, 1908.

1. The refusal of a landlord to allow reasonable alterations to be made to the demised premises by the tenant, although in viola-tion of the landlord's express agreement to permit the same, contained in the lease, does not amount to an eviction of the tenant, and does not constitute a defence to an action to recover arrears of rent.

2. In an action of replevin brought by a tenant against his land-lord to recover goods and chattels distrained by the latter for non-payment of rent, the landlord, if the tenant be nonsuited, is entitled, by force of the twenty-third section of our Replevin act, to the direction of a verdict in his favor for so much of the arrears of rent as equals the value of the property distrained.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff in error, *Stark B. Ferriss.*

For the defendants in error, *Ralph E. Lum.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of replevin brought by a tenant to recover possession of certain chat-

tels distrained by his landlord for alleged non-payment of rent. At the trial of the cause plaintiff's counsel opened to the jury as follows: "In April, 1906, Whitcomb entered into a written lease with Brant, the owner of a store in Market street, Newark, by the terms of which Whitcomb became the tenant for a term of ten years at a yearly rental of $2,400 per year, payable in monthly installments. The lease contained a provision that Whitcomb might make reasonable alterations and improvements to the premises subject to the approval of the plans by Brant. After entering into possession under the lease, Whitcomb prepared plans for the alteration of the front of the store, which involved moving back the door and windows, and making a handsomer and more ornate entrance than was already there, and submitted them to Brant. The latter refused to approve them, although the alterations were reasonable within the meaning of the provision of the lease upon that subject. The refusal of Brant to approve the plans for the proposed alteration being unjustifiable, Whitcomb started in to make the changes without his landlord's approval, but stopped on the latter's objection. Whitcomb thereupon refused to pay rent for the demised premises, upon the ground that Brant's conduct amounted to an eviction and suspended the rent. At the expiration of the month of September, the installment of rent for that month not having beeen paid, Brant distrained the goods and chattels which were the subject of the replevin for that installment."

Upon this opening counsel for defendant moved a nonsuit, at the same time suggesting to counsel for plaintiff that, in order that the whole contents of the lease should be before the court when considering the motion, that paper be embodied in the opening. Counsel for plaintiff acceding to this suggestion the court took the lease, and, after a consideration of its contents, and of the facts recited in the opening of plaintiff's counsel, directed a nonsuit to be entered. Error is assigned upon this direction.

The nonsuit having been ordered, counsel for plaintiff, at the request of his adversary, admitted that the value of the

goods distrained exceeded $225. Whereupon it was moved, on behalf of the defendant, that the jury be directed to find a verdict in his favor for the amount of rent due for the month of September. The court so directed; and error is also assigned upon this judicial action.

The facts stated in the opening afforded no justification for the non-payment of the September rent by the plaintiff. The arbitrary refusal of the defendant to consent to the proposed alterations in the demised premises, notwithstanding that such alterations were reasonable, although in violation of his agreement contained in the lease, did not amount to an eviction, but merely conferred upon the plaintiff a right of action for damages for the breach. *Whitcomb* v. *Brant, ante p.* 201. The nonsuit, therefore, was properly directed.

The subsequent action of the trial court, directing a verdict in favor of the defendant for the September rent, was justified by the twenty-third section of the Replevin act. *Gen. Stat., p.* 2774. That section provides "that in all cases where the goods and chattels have been taken as a distress for non-payment of rent * * * if the plaintiff shall be nonsuited after cognizance or avowry made and issue joined, or if the verdict shall be given against such plaintiff, then the jurors impaneled or returned to inquire of such issue shall, at the prayer of the defendant, inquire concerning the sum of the arrears and the value of the goods and chattels distrained, and thereupon the avowant, or the person who makes cognizance, shall have judgment for such arrearages, or so much thereof as the goods and chattels amount to, together with his full costs." The defendant, having admitted that the value of the goods and chattels distrained exceeded the amount of the rent due, a verdict for the whole of the arrearages was properly directed.

The judgment under review will be affirmed.